IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KEVIN WASH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | NO. 2:03-CV-250 |
| ) | (2:99-CR-46) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION & ORDER

This matter is before the Court on the Notice of Appeal, filed by Petitioner on March 14, 2005.  For the reasons set forth below, the Court **DENIES** the Petitioner, Kevin Wash, a certificate of appealability.

BACKGROUND

Following a jury trial, Petitioner was convicted on all four drug-related counts against him: (1) conspiracy to possess with the intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. section 846; (2) knowingly and intentionally possessing with the intent to distribute more than 5 grams of cocaine base, in violation of 21 U.S.C. section 841(a)(1); (3) knowingly and intentionally attempting to possess more than 50 grams of cocaine base, in violation of 18 U.S.C. section 2; and (4) knowingly

possessing a firearm during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. section 924(c). Petitioner was sentenced to 300 months imprisonment.

The Seventh Circuit Court of Appeals rejected Petitioner's direct appeal on November 2, 2000. *See United States v. Wash*, 231 F.3d 366 (7th Cir. 2000). Petitioner pursued a pro se writ of certiorari, which was rejected by the Supreme Court on May 29, 2001. Wash then filed his 28 U.S.C. section 2255 petition collaterally attacking his sentence, claiming his attorney rendered constitutionally ineffective assistance of counsel by: (1) failing to challenge the sufficiency of the evidence supporting the grand jury's indictment; (2) failing to file a motion to suppress the search of 530 East 21st Place in Gary, Indiana; and (3) failing to raise on appeal the dismissal of a juror whose absence from the jury eventually resulted in a mistrial when fewer than 12 jurors remained. Finding none of Wash's arguments persuasive, this Court denied Wash's section 2255 petition. Wash filed the instant motion requesting this Court issue him a certificate of appealability concerning Wash's *Blakely/Booker* claims.

DISCUSSION

A movant seeking to appeal the denial of a section 2255 motion must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1). In the absence of a specific request for a certificate of appealability, the notice of appeal shall be deemed to constitute a

request for a certificate.  Fed. R. App. P. 22(b); Seventh Cir. R. 22.1(b); *Porter v. Gramley*, 112 F.3d 1308, 1312 (7th Cir. 1997).  The Court will treat this notice of appeal as such a request.

Wash may obtain a certificate of appealability "only if [he] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Herrera v. United* States, 96 F.3d 1010, 1012 (7th Cir. 1996); *United States v. Maloney*, No. 97 CV 7142, 1998 WL 748265, at *1 (N.D. Ill. Oct. 21, 1998).  To satisfy this standard, Petitioner must demonstrate the issues he wishes to appeal are "debatable among jurists of reason" or that a court could "resolve the issues" differently, or that the questions presented in his motion are "adequate to deserve encouragement to proceed further."  *Porter,* 112 F.3d at 1312 (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)); *Herrera*, 96 F.3d at 1012.

The only argument Petitioner makes is that the Court failed to address all of Wash's claims.  Petitioner filed a motion to amend his original 2255 petition to add certain *Blakely/Booker* claims.  However, that motion was denied by this Court.  The only claims the Court did not consider were those claims raised in the motion to amend the original 2255 petition.  Because those claims were not properly before the Court, the Court did not consider them.

The Seventh Circuit Court of Appeals recently concluded that "*Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005."  *McReynolds v. United*

*States*, No. 04-2520, 2005 WL 237642 (7th Cir. Feb. 2, 2005); *see also Garcia v. United States*, No. 04-CV-0465, 2004 WL 1752588, at *5-*7 (N.D.N.Y. Aug. 4, 2004) (conducting *Teague* analysis and concluding *Blakely* does not apply retroactively to section 2255 motions). However, in the unlikely event the Supreme Court makes such claims retroactively applicable to cases on collateral review, Petitioner will be able to pursue such claims by filing a successive 2255 motion. *See Simpson v. United States*, No. 04-2700, 2004 WL 1636965 (7th Cir. July 16, 2004) (advising would-be section 2255 petitioner to file successive 2255 motion if Supreme Court makes *Blakely* retroactive to cases on collateral review).

Upon due consideration, the Court finds the aforementioned analysis employed to deny Wash's attempt to amend his section 2255 petition is not: (1) debatable among jurists of reason; (2) questionable such that another court could resolve the issues differently; or (3) questionable such that Wash deserves encouragement to proceed further. *Porter*, 112 F.3d at 1312; *Herrera*, 96 F.3d at 1012. Accordingly, Wash has not met the "substantial showing" necessary to receive a certificate of appealability. *Id.* As a result, his request is denied.

**DATED:  May 3, 2005**              **S/RUDY LOZANO, Judge**
                                     **United States District Court**